UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JIMMY L. HARMON,          ) 5:06CV2059
                              )
          Petitioner     ) JUDGE JAMES GWIN
                              ) (Magistrate Judge Kenneth S. McHargh)
         v.                )
                              )
JULIUS WILSON,           )
          Warden        )
                              )
         Respondent    ) REPORT AND RECOMMENDED
                              ) <u>DECISION OF MAGISTRATE JUDGE</u>

McHARGH, MAG. J.

      The petitioner Jimmy L. Harmon ("Harmon") has filed pro se a petition for a writ of habeas corpus arising out of his 2004 convictions for trafficking in cocaine, and engaging in a pattern of corrupt activity, in the Summit County, Ohio, Court of Common Pleas.  (Doc. 11.)   Harmon raises four grounds for relief in his petition:

> 1.  The trial counsel was ineffective, in violation of the 4th, 5th, 6th, and 14th Amendment[s] to the U.S. Constitutional rights [*sic*].
>
> 2.  Allowing admission of prior bad acts, over objection, in violation of the 4th, 5th, 6th, [and] 14th Amendment[s] to the U.S. Constitutional [*sic*].
>
> 3.  Denieing  [*sic*] appellant's Rule 29 motion for judgment of acquittal, in violation of the 4th, 5th, 6th, [and] 14th Amendment[s] to the U.S. Constitutions [*sic*].
>
> 4.  Appellant's conviction for engaging in a pattern of corrupt activity went against the manifest weight of the presented evidence.

(Doc. 1, at §§ 12.A.-12.D.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

In January 2004, Mr. Harmon was indicted for two counts of
trafficking in cocaine, in violation of [Ohio Rev. Code § ] 2925.03(A)(1),
a third degree felony. These charges were based on incidents alleged to
have occurred on February 3, 2004 and February 10, 2004.

On May 19, 2004, a supplemental indictment was issued that charged
Mr. Harmon with one count of engaging in a pattern of corrupt
activity, in violation of R.C. 2923.32(A)(1)/(B)(1), a first degree felony;
one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(1), a
second degree felony; and two counts of trafficking in cocaine, in
violation of R.C. 2925.03(A)(1), a third degree felony. The supplemental
indictment's charges were based on incidents occurring from July 1,
1997 through February 2004.

Mr. Harmon pled not guilty to the charges. A trial was held. A jury
found Mr. Harmon guilty of trafficking in cocaine, in the amount of
26.61 grams, trafficking in cocaine, in the amount of 26.84 grams, and
engaging in a pattern of corrupt activity with a criminal forfeiture
specification. The trial court sentenced Mr. Harmon accordingly.

(Doc. 10, RX 11, at 1-2; State v. Harmon, No. 22399, 2005 WL 1682862, at *1 (Ohio

Ct. App. July 20, 2005).)

On Mar. 2, 2005, Harmon filed a notice of appeal, raising four assignments of

error, as follows:

1.  Appellant's right to due process of law as guaranteed by the 4th,
5th, 6th and 14th Amendment[s] to the U.S. Constitution as well as
Article 1 § 10 of the Ohio Constitution was effectively denied by his
trial [counsel's] ineffective representation.

2.  The trial court erred in allowing admission of prior bad acts of the
appellant, over objection, this admission was unduly prejudicial to
appellant during the course of his trial and denied appellant his rights
as offered under the 4th, 5th, 6th and 14th Amendment[s] to the U.S.
Constitution as well as Article 1 § 10 of the Ohio Constitution.

2

3.  The trial court erred in overruling appellant's Rule 29 motion for judgment of acquittal made at the close of the state's case.  Sufficient evidence was not presented on each of the elements of the offenses such that the case could proceed to the jury in violation of appellant's right to due process and fair trial as guaranteed by the 4th, 5th, 6th, and 14th Amendments to the United States Constitution, as well as Article I, Section 16 of the Ohio Constitution.

4.  After reviewing the presented evidence at trial and evaluating appellant's arguments on appeal, it is clear that appellant's conviction for engaging in a pattern of corrupt activity went against the sufficiency and manifest weight of the presented evidence in violation of appellant's right to due process and fair trial as guaranteed by the 4th, 5th, 6th, and 14th Amendments to the United States Constitution, as well as Article I, Section 16 of the Ohio Constitution.

(Doc. 10, RX 9.)  On July 20, 2005, the court of appeals affirmed his conviction.

(Doc. 10, RX 11; <u>State v. Harmon</u>, No. 22399, 2005 WL 1682862, at *1 (Ohio Ct.

App. July 20, 2005).)

Harmon filed a timely appeal with the Ohio Supreme Court on Sept. 2, 2005,

setting forth four propositions of law:

1.  Appellant's right to due process of law as guaranteed by the 4th, 5th, 6th and 14th Amendment[s] to the U.S. Constitution as well as Article 1 § 10 of the Ohio Constitution was effectively denied by his trial [counsel's] ineffective representation.

2.  The trial court erred in allowing admission of prior bad acts of the appellant, over objection, this admission was unduly prejudicial to appellant during the course of his trial and denied appellant his rights as offered under the 4th, 5th, 6th and 14th Amendment[s] to the U.S. Constitution as well as Article 1 § 10 of the Ohio Constitution.

3.  The trial court erred in overruling appellant's Rule 29 motion for judgment of acquittal made at the close of the state's case.  Sufficient evidence was not presented on each of the elements of the offenses such that the case could proceed to the jury in violation of appellant's right to due process and fair trial as guaranteed by the 4th, 5th, 6th,

and 14th Amendments to the United States Constitution, as well as
Article I, Section 16 of the Ohio Constitution.

4.  Appellant's conviction for engaging in a pattern of corrupt activity
went against the sufficiency and manifest weight of the presented
evidence in violation of appellant's right to due process and fair trial as
guaranteed by the 4th, 5th, 6th, and 14th Amendments to the United
States Constitution, as well as Article I, Section 16 of the Ohio
Constitution.

(Doc. 10, RX 12.)  On Nov. 23, 2005, the Ohio Supreme Court dismissed the appeal

as not involving any substantial constitutional question.  (Doc. 10, RX 14; <u>State v.</u>

<u>Harmon</u>, 107 Ohio St.3d 1426, 837 N.E.2d 1210 (2005).)

Harmon filed a timely petition for a writ of habeas corpus in this court on

Aug. 28, 2006.  (Doc. 1.)


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

courts must apply when considering applications for a writ of habeas corpus.  Under

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in <u>Williams v. Taylor</u>, provided the following guidance:

Under § 2254(d)(1), the writ may issue only if one of the following two
conditions is satisfied -- the state-court adjudication resulted in a
decision that (1) "was contrary to ... clearly established Federal law, as
determined by the Supreme Court of the United States," or (2)
"involved an unreasonable application of ... clearly established Federal
law, as determined by the Supreme Court of the United States."
Under the "contrary to" clause, a federal habeas court may grant the

4

> writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Harmon has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

The first ground of the petition is that Harmon's constitutional rights were violated by the ineffective assistance of his trial counsel.  Harmon alleges that counsel was ineffective for several reasons:  1)  he failed to file any motion to suppress evidence; 2) he was frequently reprimanded by the court during the trial; 3) he failed to obtain discovery related to other bad acts; and 4) he was intimidated by the prosecution's attempt to investigate defense counsel during the trial.  (Doc. 1, at 6-7.

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel."  Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)).  The Sixth Circuit discussed ineffective assistance of counsel in Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland [v. Washington, 466 U.S. 668 (1984)], the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant.  Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."

> There is a right to effective assistance of counsel in connection with a defendant's first appeal of right.  It is not necessary for appellate counsel to raise every nonfrivolous claim on direct appeal. . . .  "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."

6

Monzo, 281 F.3d at 579 (internal citations omitted).  See generally Evitts v. Lucey,
469 U.S. 387 (1985) (defendant entitled to effective assistance of counsel on direct
appeal); Strickland, 466 U.S. at 689 (two-part test).

In the habeas context, this court considers petitioner's claim "within the more
limited assessment of whether the state court's application of Strickland to the facts
of this case was objectively unreasonable."  Washington v. Hofbauer, 228 F.3d 689,
702 (6th Cir. 2000).

The state court of appeals set forth the standard under Strickland v.
Washington, and found that Harmon had failed to establish how the alleged errors
had prejudiced him, that is, "how the result of the trial would have been different."
(Doc. 10, RX 11, at 4; Harmon, 2005 WL 1682862, at *2.)

Although Harmon's appellate brief set forth the proper standard for review
under Strickland, there is no discussion or demonstration of prejudice whatsoever.
(Doc. 10, RX 9, at 6-8.)  Thus, the court cannot find that the state court's application
of Strickland to the facts of this case was objectively unreasonable.


## IV.  PRIOR BAD ACTS TESTIMONY

The second ground of the petition alleges that the trial court improperly
allowed admission of prior bad acts testimony.  Specifically, Harmon claims that the
court allowed discussion of previous drug buys for which he was not charged.  (Doc.
1, at 8.)  The court of appeals ruled that the trial court had correctly found that the
evidence in question was "directly relevant as the factual circumstances serving as

7

the basis of the supplemental indictment," and thus was "properly admissible." (Doc. 10, RX 11, at 6; <u>Harmon</u>, 2005 WL 1682862, at *3.)  Specifically, the court noted that the supplemental indictment covered the period January 1997 through February 13, 2004, and thus a question relating to alleged buys predating Feb. 4, 2004, was relevant and did not constitute "other acts" evidence.  <u>Id.</u>

The "clearly established rule" is that alleged errors of state law, "especially rulings regarding the admission or exclusion of evidence," are not within the purview of a federal habeas court.  <u>Cooper v. Sowders</u>, 837 F.2d 284, 286 (6th Cir. 1988).  <u>See also</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 69-70 (1991); <u>Bugh v. Mitchell</u>, 329 F.3d 496, 512 (6th Cir.), <u>cert. denied</u>, 540 U.S. 930 (2003).  This court must presume that the Ohio state courts correctly interpreted Ohio evidence law in their evidentiary rulings.  <u>Small v. Brigano</u>, No. 04-3328, 2005 WL 1432898, at *5 (6th Cir. June 17, 2005).  <u>See generally</u> <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990) (habeas relief not available for claimed violation of state law).

Even assuming, for the sake of argument, that the evidentiary ruling was erroneous, Harmon would not be entitled to habeas relief on this claim.  Alleged state court errors of evidentiary rulings do not rise to the level of constitutional claims warranting habeas relief "unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment."  <u>Broom v. Mitchell</u>, 441 F.3d 392, 406 (6th Cir. 2006), <u>cert. denied</u>, 127 S.Ct. 1376 (2007).  <u>See also</u> <u>Bugh</u>, 329 F.3d at 512.  Courts have defined the category of errors that are fundamentally unfair very narrowly.  <u>Bugh</u>,

8

329 F.3d at 512.  Harmon has not made a convincing argument that his case qualifies.

Moreover, in <u>Bugh</u>, the Sixth Circuit found that there was no clearly established Supreme Court precedent which holds that a state violates due process by admitting other bad acts evidence.  <u>Bugh</u>, 329 F.3d at 512.  "While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence[1], it has not explicitly addressed the issue in constitutional terms." <u>Id.</u> at 513 (citing <u>Old Chief v. United States</u>, 519 U.S. 172 (1997); <u>Huddleston v. United States</u>, 485 U.S. 681 (1988)).  The court upheld the district court's denial of habeas relief, finding that there was no Supreme Court precedent that the trial court's ruling could be "contrary to," under the AEDPA.  <u>Id.</u>  Harmon has not provided any such precedent.

Harmon has failed to demonstrate that the state court rulings on the evidentiary issue are contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.


## V.  MOTION FOR ACQUITTAL

The third and fourth grounds of the petition are related.  The third claim of the petition is that the trial court erred in denying Harmon's Rule 29 motion for judgment of acquittal.  The motion rested on the assertion that the prosecution

---

[1]Ohio Rule of Evidence 404(B) is substantially similar to the federal rule. <u>Broom</u>, 441 F.3d at 405 n.20.

failed to produce sufficient evidence on each of the elements of the offenses.  (Doc. 1, at 9.)  The fourth claim argues that Harmon's conviction for engaging in a pattern of corrupt activity "went against the sufficiency and manifest weight" of the evidence.

The respondent argues that the third claim is procedurally defaulted because Harmon did not renew the Rule 29 motion for judgment of acquittal after presenting his defense.  (Doc. 8, at 17-21.)  The state court of appeals ruled on this issue as follows:

> In order for a defendant to preserve the right to appeal the sufficiency of the evidence upon which his conviction is based, he must timely move for acquittal pursuant to Crim.R. 29 with the trial court.  The defendant must also renew his motion for acquittal at the close of all evidence in order to preserve the issue for appeal.  Absent such a renewal, the defendant waives any error "in the overruling of the motion for judgment of acquittal" unless the case is tried to the bench.
>
> In the instant case, Mr. Harmon failed to renew his Crim.R. 29 motion for acquittal after presenting his defense.  As such, Mr. Harmon has waived any error regarding the sufficiency of the evidence presented at trial, and consequently, he may not challenge the sufficiency of the evidence on appeal.

(Doc. 10, RX 11, at 8; Harmon, 2005 WL 1682862, at *4 (internal citations omitted).)  The court grounded its ruling on several unpublished state appellate court opinions, as well as City of Dayton v. Rogers, 60 Ohio St.2d 162, 398 N.E.2d 781 (1979), overruled on other grounds by State v. Lazzaro, 76 Ohio St.3d 261, 262, 667 N.E.2d 384, 385 (1996) (syllabus).

### A.  Procedural Default

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell

v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.  Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief.  Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000).  Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004).

11

The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

### 1.  State procedural rule

The first issue is whether there is a state procedural rule that is applicable to Harmon's claim, and whether he failed to comply with that rule.  In addition, to constitute an "adequate and independent state procedural rule," the rule must be "firmly established and regularly followed."  Ford v. Georgia, 498 U.S. 411, 423-424 (1991); Smith v. State of Ohio Dept. of Rehab. & Corr., 463 F.3d 426, 431 (6th Cir. 2006).

There is no provision within Ohio Criminal Rule 29 itself that a defendant must renew a motion for acquittal at the close of all evidence in order to preserve the issue for appeal.  See generally Ohio Crim.R. 29.

12

However, there is a plethora of case law in support of this proposition.  <u>State v. Miley</u> is typical:

> A defendant who is tried before a jury and brings a Crim.R. 29(A) motion for acquittal at the close of the state's case waives any error in the denial of the motion if the defendant puts on a defense and fails to renew the motion for acquittal at the close of all the evidence.

<u>State v. Miley</u>, 114 Ohio App.3d 738, 742, 684 N.E.2d 102, 104 (Ohio Ct. App. 1996).  <u>Miley</u> relies on <u>City of Dayton v. Rogers</u>, as do many of the other cases finding waiver.  <u>See, e.g.</u>, <u>State v. Turner</u>,  91 Ohio App.3d 153, 157, 631 N.E.2d 1117, 1119-1120 (Ohio Ct. App. 1993) (any claim of error waived by failure to renew motion at close of all evidence, citing <u>Rogers</u>).  <u>See also</u> <u>State v. Tanner</u>, No. 04CA0062-M, 2005 WL 544809, at *2 (Ohio Ct. App. Mar. 9, 2005) (finding waiver); <u>State v. Novak</u>, No. 2003-L-077, 2005 WL 336337, at *3 (Ohio Ct. App. Feb. 11, 2005) (same); <u>State v. Hinckley</u>, No. H-03-024, 2004 WL 2035353, at *1 (Ohio Ct. App. Aug. 27, 2004) (same).  <u>See generally</u> <u>United States v. Price</u>, 134 F.3d 340, 350 (6th Cir.), <u>cert. denied</u>, 525 U.S. 845 (1998) (where defendant does not renew motion for judgment of acquittal, appellate review limited to determining whether there's "manifest miscarriage of justice"); <u>United States v. Black</u>, 525 F.2d 668, 669 (6th Cir. 1975) (per curiam) (when defendant introduces evidence, he waives objection to denial of motion to acquit at close of government's case).

The reliance on <u>City of Dayton v. Rogers</u> as binding authority[2] for this proposition may be misplaced.  The <u>Rogers</u> syllabus held the following:  "The making of an unsworn false oral statement to a police officer is not punishable conduct within the meaning of Revised Code of General Ordinances of the city of Dayton, Section 131.02(A)."  <u>Rogers</u>, 60 Ohio St.2d at 162, 398 N.E.2d at 781 (syllabus).  The issue of waiver was dealt with in passing, as the court addressed:

> . . . the proposition that the defendant waived any error committed in the overruling of the motion for judgment of acquittal by failing to renew her motion at the close of all the evidence. While this would be true had the case been tried to a jury, it has no application in a case tried to the court.

<u>Id.</u> at 163, 398 N.E.2d at 782.  The court went on to state:

> The purpose of a motion for judgment of acquittal is to test the sufficiency of the evidence and, where the evidence is insufficient, to take the case from the jury. In the non-jury trial, however, the defendant's plea of not guilty serves as a motion for judgment of acquittal, and obviates the necessity of renewing a Crim.R. 29 motion at the close of all the evidence.

<u>Id.</u>  Yet the State of Ohio permits a motion for judgment of acquittal after a jury verdict has been returned.  <u>See</u> Ohio Crim.R. 29(C).

Nonetheless, the law of Ohio is not settled on this issue.  There is recent persuasive authority that failure to move for acquittal at the close of evidence does

---

[2] The syllabus of an opinion issued by the Supreme Court of Ohio states the law of the case.  <u>Reynoldsville Casket Co. v. Hyde</u>, 514 U.S. 749, 751 (1995); <u>State ex rel. Heck v. Kessler</u>, 72 Ohio St.3d 98, 102-103, 647 N.E.2d 792, 797 (1995).  The Ohio Supreme Court announces the law only through the syllabi of cases and through per curiam opinions.  <u>Thackery v. Helfrich</u>, 123 Ohio St. 334, 336, 175 N.E. 449, 450 (1931); <u>Truesdale v. Dallman</u>, 690 F.2d 76, 77 n.1 (6th Cir. 1982).

not waive the issue of sufficiency, even in a jury trial.  In State v. Carter, the Ohio
Supreme Court found that "[the appellant's] not guilty plea preserved his right to
object to the alleged insufficiency of the evidence."  State v. Carter, 64 Ohio St.3d
218, 223, 594 N.E.2d 595, 599 (1992), cert. denied, 507 U.S. 938 (1993).  The court
noted that the prosecution must always prove each and every element of the offense
beyond a reasonable doubt.[3]  Id. (citing Jackson v. Virginia, 443 U.S. 307 (1979)).

In State v. Jones, the Ohio Supreme Court rejected the argument that the
appellant waived his sufficiency claim by failing to raise the issue at trial. The court
found that "Appellant's 'not guilty' plea preserved his right to object to the alleged
insufficiency of the evidence."  State v. Jones, 91 Ohio St.3d 335, 346, 744 N.E.2d
1163, 1177 (2001), cert. denied, 534 U.S. 1004 (2001) (citing Carter, 64 Ohio St.3d at
223, 594 N.E.2d at 599).

Relying on these cases, an Ohio appellate court recently addressed the issue:

> . . . we address the state's argument that defendant's failure to move
> for judgment of acquittal under Crim.R. 29(A) waives any challenge to
> the sufficiency of the evidence. The Supreme Court of Ohio has
> concluded that the failure to raise a sufficiency argument at trial does
> not waive that argument on appeal. See State v. Jones (2001), 91 Ohio
> St.3d 335, 346, 744 N.E.2d 1163; State v. Carter (1992), 64 Ohio St.3d
> 218, 223, 594 N.E.2d 595. See, also, State v. Coe, 153 Ohio App.3d 44,
> 2003- Ohio-2732, 790 N.E.2d 1222, at ¶ 19. Rather, a defendant
> preserves his right to object to the alleged insufficiency of the evidence
> when he enters his "not guilty" plea. See Jones; Carter. Moreover,

---

[3] The Due Process Clause protects a defendant from a criminal conviction
based on evidence insufficient to persuade a rational factfinder of the existence of
every element of the offense beyond a reasonable doubt.  Tibbs v. Florida, 457 U.S.
31, 45 (1982); Jackson, 443 U.S. at 315-316 (citing In re Winship, 397 U.S. 358, 364
(1970)).

>"because 'a conviction based on legally insufficient evidence constitutes
>a denial of due process,' * * * a conviction based upon insufficient
>evidence would almost always amount to plain error." <u>Coe</u>, 153 Ohio
>App.3d 44, 2003-Ohio-2732, 790 N.E.2d 1222, at ¶ 19, quoting <u>State v.</u>
><u>Thompkins</u> (1997), 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541. Thus,
>we conclude that Cooper did not waive his challenge to the sufficiency
>of the evidence by failing to move for judgment of acquittal at trial.
>Accordingly, we proceed to consider his assignment of error.

<u>State v. Cooper</u>,  170 Ohio App.3d 418, 424-425, 867 N.E.2d 493, 497-498 (Ohio Ct.

App. 2007).  <u>See also</u> <u>State v. Burton</u>, No. 05CA3, 2007 WL 1052804, at *7 (Ohio Ct.

App. Apr. 4, 2007) (defendant does not waive right to challenge sufficiency of

evidence by failing to make Rule 29 motion at close of all evidence) (citing <u>State v.</u>

<u>Coe</u>, 153 Ohio App.3d 44, 790 N.E.2d 1222 (Ohio Ct. App. 2003)).

Clearly, the state courts of Ohio do not consistently apply a rule pursuant to

which a defendant must renew a motion for acquittal at the close of all evidence in

order to preserve the issue for appeal.  <u>Compare</u> <u>Rogers</u> and <u>Miley</u> to <u>Jones</u>, <u>Carter</u>

and <u>Cooper</u>.  Thus, the court does not find that there is an "adequate and

independent state procedural rule" which was "firmly established and regularly

followed," which would be applicable to bar Harmon's claim.  <u>Ford</u>, 498 U.S. at

423-424; <u>Smith</u>, 463 F.3d at 431.

Harmon fairly presented his claim on direct appeal.  <u>See</u>  doc. 10, RX 9, at 10-

11, and RX 12.  The third ground is not procedurally barred.

B.  Sufficiency of the Evidence

Harmon's motion for acquittal on the third count was based on the argument that no evidence had been presented in support of the "enterprise" element of the charge of engaging in a pattern of corrupt activity.  (Doc. 13, Trial Tr., at 331-332.)

In his habeas petition, Harmon contends that "the evidence presented by the State was insufficient to support the charges of Engaging in a Pattern of Corrupt Activity and Trafficking in Cocaine in violation of the OHIO REVISED CODE SECTION 2923.32(a)(1) (B)(1)," and thus the trial court erred in denying his motion for acquittal.  (Doc. 1, at 10.)  Harmon argues that he was convicted of participating in a pattern of corrupt  activity from July 1997 through Feb. 13, 2004, but no evidence of that activity was entered at trial.  "The prosecution only entered evidence concerning the month of FEBRUARY 2004 and no evidence concerning a criminal enterprise."  Id. at 11.  Harmon contends that the prosecution only offered evidence of two individual buys in February 2004, but did not present "convincing evidence of other individuals and the Plaintiff participating in a pattern of corrupt activity or an enterprise."  Id.

In United States v. Carter, the Sixth Circuit noted that a trial judge ruling on a Rule 29 motion "must consider all of the evidence in a light most favorable to the government."  United States v. Carter, 355 F.3d 920, 925 (6th Cir. 2004).  The law in Ohio is similar:  "In reviewing a ruling on a Crim.R. 29(A) motion for judgment of acquittal, the reviewing court construes the evidence in a light most favorable to the

17

state." State v. Wolfe, 51 Ohio App.3d 215, 215-216, 555 N.E.2d 689, 690 (Ohio Ct. App. 1988) (syllabus).

Under Jackson v. Virginia, a sufficiency of the evidence claim is reviewed by determining "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319; see also Bagby v. Sowders, 894 F.2d 792, 794 (6th Cir.) (en banc), cert. denied, 496 U.S. 929 (1990). The Supreme Court has explained that "whether a defendant has been convicted upon inadequate evidence is central to the basic question of guilt or innocence." Id. at 323.  Thus, a petitioner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. at 324.

A sufficiency of the evidence claim "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir.), cert. denied, 537 U.S. 980 (2002) (quoting Jackson, 443 U.S. at 324 n.16).  Thus, the federal court must look to state law to determine the elements of the crime.  Cameron v. Birkett, 348 F.Supp.2d 825, 838-839 (E.D. Mich. 2004) (quoting Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999), cert. denied, 528 U.S. 1170 (2000)).

To grant habeas relief, the federal court does not determine whether the state decision is erroneous or incorrect.  Rather, the court must determine whether

the state court decision is an objectively unreasonable application of federal law.

<u>Williams</u>, 529 U.S. at 410-12; <u>Lorraine</u>, 291 F.3d at 422.

The state court of appeals did not consider the elements of the offense in resolving Harmon's sufficiency of the evidence claim, because that claim was found to be waived, as discussed earlier. However, the court set forth the elements of the offense in resolving his manifest weight of the evidence claim.

> R.C. 2923.32, engaging in a pattern of corrupt activity, states:
> "(A)(1) No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt."R.C. 2923.32(A)(1).
>
> * * * * *
>
> An "enterprise" is defined by R.C. Chapter 2923 to include "any *individual,* sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity * * * [, and] illicit as well as licit enterprises."(Emphasis added.) R.C. 2923.31(C).

(Doc. 10, RX 11, at 9; <u>Harmon</u>, 2005 WL 1682862, at *4-*5 (emphasis in original).)

Then state court then reviewed the evidence supporting the conviction:

> Akron Police Department Detective Sean Brown testified that he began investigating Russell Goler for selling drugs in November 2003, and did a controlled buy on Goler for the first time in December of that year. Detective Brown testified that he observed Goler on a number of separate occasions at Mr. Harmon's residence; on one particular occasion in December 2003, he observed Goler enter the home and leave 15-20 minutes later. Additionally, Detective Brown testified that Mr. Harmon was seen at Goler's residence on several occasions through surveillance. During one such incident on February 4, 2004, the police waited at Goler's residence to do a controlled buy. Per the instructions of their informant, they had to wait for the narcotics to

arrive at the residence; Mr. Harmon arrived at the house while the officers waited for the buy to take place.

At trial, defense counsel elicited testimony from [Kevin] Reynolds, which revealed that he had previous dealings with Mr. Harmon. Reynolds testified that he made controlled buys with Mr. Harmon for the Akron Police in February 2004. However, when asked whether he had "made a deal" with Mr. Harmon before that time, Reynolds responded that he had "made buys for [him]self before [he] even made buys for the police," and "had bought dope from him way before that." This testimony was never refuted.

Reynolds further testified as to the controlled buys in February 2004. Specifically, Reynolds testified that he met Mr. Harmon on Exchange Street in Akron, Ohio and performed a buy. Reynolds also testified that on February 10, 2004, Mr. Harmon was waiting for someone to deliver the crack cocaine to him, and that they agreed to meet on Howard Street in Akron, Ohio. While Reynolds waited at the meeting place, he observed Goler drive by and go down Alfaretta Street. He testified that soon after, Mr. Harmon contacted him to inform him that he was heading up Alfaretta Street to meet him. Mr. Harmon arrived in a black car driven by another person, and sold Reynolds the drugs on Howard Street.

Akron police detective Kandy Shoaff of the Narcotics Unit testified that she participated in the investigation of both Goler and Mr. Harmon. Detective Shoaff testified that while monitoring Alfaretta Street on February 10, 2004, she observed Mr. Harmon exit the residence at 115 Alfaretta Street and get into a vehicle driven by Goler. Mr. Harmon remained in the vehicle for several minutes, then exited the vehicle. Shoaff observed Mr. Harmon get into the black car that drove up, and the vehicle drove off.

Detective Brian Callahan of the Akron Police Narcotics Unit testified that when Mr. Harmon was arrested on February 13, 2004, $6,995.00 was found on his person. He testified that a $50 bill found on Mr. Harmon matched a $50 bill used to buy drugs from Mr. Harmon on February 3, 2004, in that the bill had the same serial number. Additionally, Callahan testified that a review of calls between the phones of Mr. Harmon and Goler revealed that the two spoke a number of times on February 10, 2004, both before and after the buy occurred that day.

20

(Doc. 10, RX 11, at 10-11; <u>Harmon</u>, 2005 WL 1682862, at *5-*6.)

The court looks to state law on the elements of the crime.  <u>Cameron</u>, 348 F.Supp.2d at 838-839.  In <u>State v. Burkitt</u>, the court pointed out that "a collection of [isolated] drug sales alone will not make a 'pattern' under the corrupt activity statute."  <u>State v. Burkitt</u>, 89 Ohio App.3d 214, 221, 624 N.E.2d 210, 215 (Ohio Ct. App. 1993).  The statute requires that these activities must be "related to the affairs of the same enterprise."  <u>Id.</u>

"The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct."  <u>State v. Wilson</u>, 113 Ohio App.3d 737, 742, 682 N.E.2d 5, 8 (Ohio Ct. App. 1996).  The existence of an "enterprise" is "proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit."  <u>Id.</u>

In <u>State v. Humphrey</u>, for example, the state's evidence demonstrated the existence of an "enterprise" by showing that "a group of persons . . . associated together for the common purpose of engaging in a course of criminal conduct by distributing cocaine."  <u>State v. Humphrey</u>, No. 2002-CA-30, 2003 WL 21487780, at *6 (Ohio Ct. App. June 27, 2003).  Further, it was "an ongoing organization or entity whose members functioned as a continuing unit."  <u>Id.</u>

To grant habeas relief, the federal court does not determine whether the state decision is erroneous or incorrect.  Rather, the court must determine whether the state court decision is an objectively unreasonable application of federal law.

21

<u>Williams</u>, 529 U.S. at 410-12; <u>Lorraine</u>, 291 F.3d at 422.  Here, the court does not find that the state court decision was an "unreasonable application" of <u>Jackson v. Virginia</u> to the facts of Harmon's case.  Although the evidence in support of the conviction, as recited by the state court, is not overwhelming, this court is unable to find that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  <u>Jackson</u>, 443 U.S. at 324.

The petition should not be granted on the insufficiency of the evidence claim.

C.  Manifest Weight of the Evidence

The fourth ground also includes a claim that Harmon's conviction for engaging in a pattern of corrupt activity was against the manifest weight of the evidence.  (Doc. 1, at §12.D.)

A manifest weight of the evidence claim concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other."  <u>State v. Thompkins</u>, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546 (1997).  When reviewing a weight of the evidence claim, an appellate court sits as a "thirteenth juror," and reviews the jury's resolution of conflicting testimony.  <u>Tibbs</u>, 457 U.S. at 42.  In the federal habeas context, this is outside the proper role of the habeas court.  The jury is the sole finder of fact in a jury trial, and the jury determines the credibility of witnesses.  <u>United States v. Adamo</u>, 742 F.2d 927, 934-935 (6th Cir. 1984), <u>cert. denied</u>, 469 U.S. 1193 (1985).

Moreover, a claim that Harmon's conviction was against the manifest weight of the evidence is a state law issue, and a federal habeas court has no power to

22

grant habeas relief on the basis that a state conviction is against the weight of the evidence.  Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985), cert. denied, 476 U.S. 1123 (1986); Cameron v. Birkett, 348 F.Supp.2d 825, 838 (E.D. Mich. 2004) (citing cases).  The petition should not be granted based on the manifest weight of the evidence.


## VI.  SUMMARY

The petition for a writ of habeas corpus should be denied.  Harmon has failed to show that the state court decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.


## RECOMMENDATION

It is recommended that the petition be denied.


Dated:   Nov. 6, 2007                           /s/ Kenneth S. McHargh
                                            Kenneth S. McHargh
                                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).