UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | | |
|---|---|---|
| JIMMY L. HARMON, | : | CASE NO. 5:06-CV-02059 |
| Petitioner, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. No. 1, 8, 14, 15.] |
| JULIAS WILSON, | : | |
| Respondent. | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court decides whether to adopt Magistrate Judge Kenneth S. McHargh's Report and Recommendation as to Jimmy L. Harmon's ("Harmon") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 15.]

For the reasons presented below, the Court **ADOPTS** the Report and Recommendation of Magistrate Judge McHargh and **DENIES** Harmon's petition for a writ of habeas corpus.

**I. Background**

On September 23, 2004, in the Summit County Court of Common Pleas, a jury found Petitioner Harmon guilty of one count of Engaging in a Pattern of Corrupt Activity in violation of Ohio Revised Code Section 2923.32(A)(1)/(B)(1) and two counts of Trafficking in Cocaine in violation of Ohio Revised Code Section 2925.03(A)(1). [Doc. 1-2.] On October 26, 2004, the Summit County Court sentenced Harmon to a prison term of nine years. *Id.*

1

On March 2, 2005, Petitioner Harmon filed a notice of appeal. *Id.* The Ninth Judicial District Court of Appeals affirmed his conviction on July 20, 2005. *Id.*; *State v. Harmon*, 2005 WL 1682862 (Ohio Ct. App. July 20, 2005). In response to his timely appeal to the Ohio Supreme Court, the state's highest court dismissed the appeal "as not involving any substantial constitutional question" on November 23, 2005. [Doc. 1-2.]; *State v. Harmon*, 107 Ohio St.3d 1426, 837 N.E.2d 1210 (2005).

On August 28, 2006, Petitioner Harmon, *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. [Doc. 1.] With his petition, he argues the following four grounds for relief:

> 1. The trial counsel was ineffective, in violation of the 4th, 5th, 6th, and 14th Amendment[s] to the U.S. Constitutional rights [sic].
>
> 2. Allowing admission of prior bad acts, over objection, in violation of the 4th, 5th, 6th, [and] 14th Amendment[s] to the U.S. Constitution[].
>
> 3. Den[ying] Appellant's Rule 29 motion for judgment of acquittal, in violation of the 4th, 5th, 6th, [and] 14th Amendment[s] to the U.S. Constitution[].
>
> 4. Appellant's conviction for engaging in a pattern of corrupt activity went against the manifest weight of the presented evidence.

[Doc. 1-1.]

On January 22, 2007, the Respondent filed his return of writ. [Doc. 8.] On February 13, 2007, the Petitioner filed his reply to the Respondent's return of writ. [Doc. 14.]

On October 16, 2006, this Court referred Harmon's petition to Magistrate Judge Kenneth S. McHargh for a report and recommendation. [Doc. 5.]

After conducting a thorough analysis of the record, on November 6, 2007, Magistrate Judge McHargh recommended that the Court deny Harmon's petition for a writ of habeas corpus. [Doc. 15.] With regard to the Petitioner's ineffective assistance of counsel claim, the Magistrate Judge found:

> Although Harmon's appellate brief set forth the proper standard for review under *Strickland*, there is no discussion or demonstration of prejudice whatsoever. (Doc. 10, RX 9, at 6-8.) Thus, the court cannot find that the state court's application of *Strickland* to the facts of this case was objectively unreasonable.

*Id.* As to the Petitioner's prior bad acts testimony claim, Magistrate Judge McHargh determined that:

> Harmon has failed to demonstrate that the state court rulings on the evidentiary issue are contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.

*Id.* Next, the Magistrate Judge addressed the Petitioner's Rule 29 of the Federal Rules of Criminal Procedure claim. *Id.* After deciding that the insufficiency of evidence claim was not procedurally barred, the Court concluded:

> Here, the court does not find that the state court decision was an "unreasonable application" of *Jackson v. Virginia* to the facts of Harmon's case. Although the evidence in support of the conviction, as recited by the state court, is not overwhelming, this court is unable to find that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 324.
>
> The petition should not be granted on the insufficiency of the evidence of claim.

*Id.* Finally, in response to Harmon's argument that his conviction for engaging in a pattern of corrupt activity was against the manifest weight of the evidence, the Magistrate Judge found that this claim concerns:

> a state law issue, and a federal habeas court has no power to grant habeas relief on the basis that a state conviction is against the weight of the evidence. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985), cert. denied, 476 U.S. 1123 (1986); *Cameron v. Birkett*, 348 F.Supp.2d 825, 838 (E.D. Mich. 2004) (citing cases). The petition should not be granted based on the manifest weight of the evidence.

*Id.* Ultimately, the Magistrate Judge concluded:

> The petition for a writ of habeas corpus should be denied. Harmon has failed to show that the state court decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.

*Id.*

## II.  Discussion

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which an objection has been made.  *See* 28 U.S.C. § 636(b)(1).  Parties must file any objections within ten days "after being served with a copy" of the Report.  *Id*; *see also* [Doc. 15.].  They waive their right to appeal the Recommendation if they fail to object within the time allowed.  *See, e.g.*, *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

In the instant case, on November 6, 2007, Magistrate Judge McHargh issued a Report and Recommendation.  [Doc. 15.]  As of December 3, 2007, neither party has objected to his Recommendation.  Having conducted its own review of the parties' briefs on the issue, the Court agrees with the conclusions of Magistrate Judge McHargh and adopts the Report and Recommendation as its own.  Therefore, the Court incorporates Magistrate Judge McHargh's findings of fact and conclusions of law fully herein by reference.

## III.  Conclusion

For the reasons discussed above, the Court **ADOPTS** Magistrate Judge McHargh's Report and Recommendation and **DENIES** Harmon's petition for a writ of habeas corpus.


Dated:  December 3, 2007           s/         James S. Gwin
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE